UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| | X |
| | : |
| BRADLEY HART, | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : |
| | : |
| CITY OF NEW YORK, ELIAS NIKAS and JORGE | : |
| GONZALEZ, | : |
| | : |
| Defendants. | : |
| | X |

DOCKET NO.:

COMPLAINT

Plaintiff Demands Trial
by Jury

Plaintiff, complaining of the defendants herein, by and through his attorneys, GREENBERG & GREENBERG, LLP, alleges the following:

## **NATURE OF THE ACTION**

This action a claim brought to redress injuries sustained by the plaintiff as a result of the statutory and constitutional violations perpetrated by the defendants on April 16, 2009 in their false arrest of the plaintiff, false imprisonment, abuse of process, malicious prosecution and violations of his 8th Amendment rights.

## **JURISDICTION & VENUE**

1.     Jurisdiction exists pursuant to 42 USC Section 1983 in that the issue of whether the plaintiff's Constitutional rights have been violated by defendants is presented herein.

**2.**     Venue is proper in the Southern District, in that the plaintiff and defendants both reside within the district and the events that underlie the Complaint occurred within the district.

The plaintiff maintains a residence address at 47 Bruckner Boulevard, Apt. #3, Bronx, New York 10454**.**

## STATEMENT OF CLAIMS

3.      At all times hereinafter mentioned, defendant CITY OF NEW YORK was and still is a municipal corporation that owned, operated, managed and controlled the New York City Police Department.

4.      At all times hereinafter mentioned, defendant CITY OF NEW YORK employed defendant ELIAS NIKAS (hereinafter referred to as "defendant NIKAS") as  a Captain at its 40th precinct, located at 257 Alexander Avenue, Bronx, New York.

5.      At all times hereinafter mentioned, defendant NIKAS acted in his capacity as Captain of the 40th precinct of the New York City Police Department and under color of law.

6.      At all times hereinafter mentioned, defendant CITY OF NEW YORK employed defendant JORGE GONZALEZ as a police officer working out of its 40th precinct, at the address indicated hereinabove.

7.      At all times hereinafter mentioned, defendant GONZALEZ acted in his capacity as New York City Police officer and under color of law.

8.      On Friday, April 16, 2009, at or about 8:45 a.m. thereof, the plaintiff was a person lawfully in his home, located at 47 Bruckner Boulevard, Bronx, New York, when he was caused to be accosted, unlawfully searched, detained and arrested by officer Jorge Gonzalez in violation of his civil rights, all without probable cause and in deprivation of his right to due process and the other protections afforded by Section 1983 of 42 USC and the United States Constitution.

9.     The aforementioned arrest was effectuated based on a call from a complaining

witness to the police about a noise dispute between neighbors.  Defendant NIKAS had been

aware of a longstanding, ongoing dispute between the neighbors in question from the plaintiff's

multiple complaints and those of his roommate – all about the complaining witness and prior to

the date of the arrest.

10.    Defendants NIKAS and GONZALEZ had responded to numerous calls by the

complaining witness on previous occasions and was aware that he was harassing the plaintiff.

None of those calls were founded.

11.    The actions of the defendant police officer in effectuating the arrest were

followed by wrongful imprisonment and detention, undue delay in arraignment and numerous

court appearances over several months, with ultimate dismissal of all of the charges based upon

lack of evidence.


## FIRST CLAIM FOR FALSE ARREST


12.    The telephone contact between the complainant and the police was not sufficient

to establish probable cause for the plaintiff's arrest.  Based on a several month history of

complaints by the plaintiff against the complainant for similar issues, the police knew or should

have known that the information being provided was not reasonably trustworthy in establishing

that an offense had been or was being committed.

13.    As a result of the defendant's false arrest, the plaintiff suffered physical injury,

damage to his reputation and career, severe and unwanted emotional and psychological distress,

scorn and ill will from neighbors and other members of his family and his community,

embarrassment, humiliation, the physical manifestations of severe psychological trauma, and was otherwise injured and damaged.

### SECOND CLAIM FOR FALSE IMPRISONMENT

14.    The plaintiff repeats, reiterates and re-alleges the allegations contained in paragraphs 1 through 13 as if fully stated herein.

15.    The defendants' actions in detaining the plaintiff for a period of 27 hours, was in violation of his due process rights and resulted from the City's policy and practice of causing, permitting and allowing extended periods of detention in order to secure plea-bargaining negotiating power.

16.    As a result of the defendant's false imprisonment, the plaintiff suffered physical injury, damage to his reputation and career, severe and unwanted emotional and psychological distress, scorn and ill will from neighbors and other members of his family and his community, embarrassment, humiliation, the physical manifestations of severe psychological trauma, and was otherwise injured and damaged.

### THIRD CLAIM FOR VIOLATION OF 8TH AMENDMENT

17.    The plaintiff repeats, reiterates and re-alleges the allegations contained in paragraphs 1 through 13 as if fully stated herein.

18.    During the false imprisonment of the plaintiff, the defendants deprived the plaintiff of the use of the bathroom for a period of approximately 12 hours, demonstrating deliberate indifference to the plaintiff's needs.

19.     The plaintiff made known to the individual defendants that he suffers from Multiple Sclerosis, a side effect of which is frequent urination, but the officers persisted in their refusal to permit the plaintiff use of the bathroom.

20.     As a result of the defendants' actions, the plaintiff repeatedly soiled himself and remained imprisoned in urine-soaked clothing – all in violation of his rights under the 8th Amendment to the United States Constitution.

21.     As a result of the defendants' violation of the plaintiff's 8th Amendement rights, the plaintiff suffered physical discomfort, emotional and psychological distress, embarrassment, humiliation, and was otherwise injured and damaged.

## FOURTH CLAIM FOR MALICIOUS PROSECUTION

22.     The plaintiff repeats, reiterates and re-alleges the allegations contained in paragraphs 1 through 13 as if fully stated herein.

23.     Despite their knowledge that they lacked probably cause for the arrest and that there was insufficient evidence to prosecute the plaintiff, the City of New York perpetuated the emotional and psychological damage to the plaintiff with a malicious prosecution.

24.     All charges against the plaintiff were dismissed on December 10, 2009 after multiple appearances and several attempts on the part of the government to secure a plea from the plaintiff.

25.     As a result of the defendants' malicious prosecution of the plaintiff, the plaintiff suffered physical injury, damage to his reputation and career, severe and unwanted emotional and psychological distress, scorn and ill will from neighbors and other members of his family and his community, embarrassment, humiliation, the physical manifestations of severe

psychological trauma, and was otherwise injured and damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BRADLEY HART respectfully requests judgment against the Defendants, and each of them, as follows:

A.    On the First Claim, for FALSE ARREST, a sum not to exceed $250,000.00 in compensatory damages for past and future economic losses, past and future non-pecuniary losses (including physical pain and suffering, emotional pain & suffering and inconvenience), as well as punitive damages as against the non-municipal defendants in the amount of $1,000,000.00, together with costs and reasonable attorney's fees.

B.    On the Second Claim, for FALSE IMPRISONMENT, a sum not to exceed $250,000.00 in compensatory damages for past and future economic losses, past and future non-pecuniary losses (including physical pain and suffering, emotional pain & suffering and inconvenience), as well as punitive damages as against the non-municipal defendants in the amount of $1,000,000.00, together with costs and reasonable attorney's fees.

C.    On the Third Claim, for violations of the plaintiff's 8TH AMENDMENT Rights, a sum not to exceed $250,000.00 in compensatory damages for past and future economic losses, past and future non-pecuniary losses (including physical pain and suffering, emotional pain & suffering and inconvenience), as well as punitive damages as against the non-municipal defendants in the amount of $1,000,000.00, together with costs and reasonable attorney's fees.

D.    On the Fourth Claim, for MALICIOUS PROSECUTION, a sum not to exceed $250,000.00 in compensatory damages for past and future economic losses, past and future non-pecuniary losses (including physical pain and suffering, emotional pain & suffering and inconvenience), as well as punitive damages as against the non-municipal defendants in the

amount of $1,000,000.00, together with costs and reasonable attorney's fees.

    E.    For such further relief as the Court deems necessary and proper.

## **JURY TRIAL DEMAND**

Plaintiff BRADLEY HART requests a jury trial on all questions properly triable by a jury.

Dated: May 31, 2011

                    Respectfully submitted,
                    **GREENBERG & GREENBERG, LLP**

                    s/ filed electronically via ECF

                    _____
                    By: James K. Greenberg (JKG7301)
                    Attorneys for Plaintiff
                    BRADLEY HART
                    363 Seventh Avenue, Suite 400
                    New York, New York 10001
                    (212)545-7337