USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 2 0 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
BRADLEY HART, :
:
                Plaintiff, :
:   No. 11 Civ. 4678 (RA)
       -v- :
:   OPINION AND ORDER
CITY OF NEW YORK, et al., :
:
                Defendants. :
:
-------------------------------------------------------- X

RONNIE ABRAMS, United States District Judge:

    On September 4, 2012, Plaintiff Bradley Hart ("Plaintiff") filed a motion to amend his complaint to add three defendants, Lieutenant Timothy Brown, Sergeant Seth Lynch and "Sergeant Smalls" (collectively, the "prospective defendants"), and to add a Monell claim against Defendant City of New York. (Dkt. No. 22.) On September 6, 2012, Defendants City of New York, Captain Elias Nikas and Officer Jorge Gonzalez (collectively, "Defendants") filed a memorandum of law in opposition to Plaintiff's motion. (Dkt. No. 24.) On September 20, 2012, Plaintiff filed a reply affirmation in further support of his motion. (Dkt. No. 25.) For the reasons stated below, Plaintiff's motion is denied in part and granted in part.

I.     Factual Background[1]

    This § 1983 action arises out of Plaintiff's arrest, detention and prosecution in April 2009. On April 16, 2009, Plaintiff's neighbor, Paul Johnson, filed a complaint with the New York City Police Department ("NYPD") alleging that Plaintiff called Johnson and stated, "I'm giving you a courtesy call to let you know I'll be banging with the hammer for another 20

---

[1]     For purposes of this motion, the Court accepts all well-pleaded allegations as true and draws all inferences in favor of Plaintiff. See It's a 10, Inc. v. PH Beauty Labs, Inc., 718 F. Supp. 2d 332, 339 (S.D.N.Y. 2010).

minutes and it's in your best interest not to call 311. I'll have you thrown out of the neighborhood." (James K. Greenberg Affirmation, Aug. 30, 2012, Ex. 1 (Paul Johnson Compl., Apr. 17, 2009).) Plaintiff and Johnson had been engaged in a "longstanding, ongoing dispute" of which Defendant Captain Elias Nikas ("Defendant Nikas") was allegedly aware. (Compl. ¶ 9.) Plaintiff alleges that Defendant Nikas and Defendant Officer Jorge Gonzalez ("Defendant Gonzalez") had previously responded to similar calls from Johnson, all of which were unfounded. (Id. ¶ 10.) An NYPD complaint report was generated from Johnson's complaint and Plaintiff's alleged conduct was classified as aggravated harassment. (Greenberg Affirmation Ex. 2 (NYPD Complaint Report, Apr. 17, 2009) at 1.) The complaint report does not indicate who "officially categorized" this offense, but Johnson's name as well as Sergeants Seth Lynch ("Lynch") and Smalls' names appear on the report. (Greenberg Affirmation ¶ 5.) Lynch is listed as the "Supervisor Approving" and Smalls is listed as the "Signoff Supervisor." (Greenberg Affirmation Ex. 2 at 3.) Plaintiff was arrested on April 17, 2009 and detained for a period of twenty-seven hours. (Compl. ¶¶ 8, 15; Greenberg Affirmation Ex. 4 (OLBS Arrest Data Elements, Dec. 21, 2011) at 1.) According to arrest data maintained by the NYPD, Defendant Gonzalez was the arresting officer. (Greenberg Affirmation Ex. 4 at 2.) Plaintiff was subsequently prosecuted, and on or about December 10, 2009, the charges against him were dismissed. (Compl. ¶ 24.)

On July 7, 2011, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants City of New York, Nikas and Gonzalez alleging claims of false arrest, false imprisonment, malicious prosecution and deliberate indifference to medical needs in violation of the Eighth Amendment. (Dkt. No. 1.) On April 5, 2012, Judge McMahon, to whom this case was previously assigned, entered a case management plan which required that all discovery be

completed by June 29, 2012. (Dkt. No. 10.) In the course of discovery, Defendants produced several documents relating to the underlying arrest. Specifically, on February 14, 2012, Defendants produced the NYPD complaint report and portions of Defendant Gonzalez's memobook from the date of the arrest. (Defs.' Opp'n Ex. A (Feb. 14, 2012 Letter and NYPD Complaint Report, Apr. 17, 2009) and Ex. B (Gonzalez Memobook, Apr. 17, 2009).) In Defendant Gonzalez's memobook, he refers to then-Sergeant Timothy Brown ("Brown") as his supervisor. (Defs.' Opp'n Ex. B.) On April 24, 2012, Defendants produced a copy of the District Attorney's file from Plaintiff's criminal prosecution. (Defs.' Opp'n Ex. C (Apr. 24, 2012 Letter and Portions of DA File).) The file included a case inquiry report, which names both Defendant Gonzalez and Brown as officers involved in Plaintiff's arrest. (Ex. C at 3.) Many, if not all, of these documents were also produced by the District Attorney's Office during Plaintiff's criminal case. (Bradley Hart Aff., Aug. 30, 2012, ¶ 2.)

On July 10, 2012, the Court granted Plaintiff's request for a brief extension of the discovery deadline to allow him to depose Brown and obtain the table of contents for a relevant police manual. (Dkt. No. 12.) The instant motion arises from information Plaintiff alleges to have learned for the first time at Brown's deposition. (Hart Aff. ¶ 3.)

## II. Discussion

### A. Motion for Leave to Amend the Complaint to Add New Defendants[2]

#### 1. Relation Back

Plaintiff seeks leave to amend his complaint to add the prospective defendants, Brown, Lynch and Smalls. Plaintiff explains that although he was aware of the identities of these

---

[2] As a threshold matter, Defendants argue that Plaintiff's motion should be denied for failure to attach the proposed amendment to his motion. (Defs.' Opp'n 3.) Because Plaintiff attached his proposed amended complaint to his reply affirmation, this argument is moot.

3

individuals when he filed his complaint, he was "mistaken as to their roles in the process and the necessity of suing them in this case." (Id. ¶ 3.) Plaintiff asserts that none of the documents or interrogatory responses provided by Defendants "spoke of anyone being responsible for the arrest other than Jorge Gonzalez."[3] (Pl.'s Mem. 2.) Plaintiff claims that only through depositions did he learn that Brown ordered his arrest based on the complaint report that was approved by Lynch and/or Smalls. (Pl.'s Mem. 2; Hart Aff. ¶ 3.) Defendants respond that Plaintiff's proposed amendments are time-barred and do not relate back to the original pleading because the prospective defendants did not receive notice of this action during the relevant time period and Plaintiff's failure to name these individuals in his original complaint was not a mistake but a "lack of knowledge." (Defs.' Opp'n 7-8.)

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[a] court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).[4] A "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotations omitted). An amendment asserting claims that are barred by the relevant statute of limitations is futile unless it "'relates back' to a timely filed complaint." See VKK Corp. v. Nat'l Football League, 244 F.3d 114, 128 (2d Cir. 2001). Under Rule 15(c), an amendment to a pleading that names a new party "relates back to the date of the original pleading" if the following elements are met: (1) the claims against the new party "arose out of the conduct, transaction, or occurrence

---

[3] For example, Plaintiff notes that in response to his interrogatory requesting information for the "individual who made the decision to arrest Bradley Hart on April 17, 2009," Defendants responded that "plaintiff was arrested by Police Officer Jorge Gonzalez, Shield #14370." (Greenberg Affirmation Ex. 6 (Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories, Feb. 17, 2012) at 6).)

[4] Defendants urge the Court to apply the more stringent amendment standard of Rule 16 rather than Rule 15's "lenient standard" because a scheduling order was entered in this case. (Defs.' Opp'n 3-5 (citing Holmes v. Grubman, 568 F.3d 329, 334-35 (2d Cir. 2009)).) Because the Court finds that Plaintiff's amendments are time-barred and do not relate back to the date of the original complaint under either standard, the Court need not determine whether Rule 15 or Rule 16 applies here.

set out—or attempted to be set out—in the original pleading"; and within the 120 day period after the complaint was filed, the new party (2) "received such notice of the action that it will not be prejudiced in defending on the merits," and (3) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1).

Claims brought pursuant to § 1983 in federal courts in New York State are subject to a three-year statute of limitations. Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004). The parties do not dispute that the proposed amendments are time-barred. Nor do they dispute that the claims against the prospective defendants arise out of the same incident that gave rise to the original pleading. The second and third elements of Rule 15(c), however, are at issue. Because Plaintiff cannot satisfy the third element of the relation back test, the Court need not consider the second element.

Plaintiff argues that his failure to name the prospective defendants in his original complaint was a mistake because, even though he was aware of their identities, he did not know that they were the individuals "responsible" for his arrest. (Pl.'s Mem. 2.) He further asserts that they should have known that they were the proper defendants because they were the officers who ordered his arrest. (Pl.'s Mem. 3; James Greenberg Reply Affirmation, Sept. 20, 2012, ¶¶ 6-7.) Defendants respond that Plaintiff's failure to name the prospective defendants was due to a "lack of knowledge," not a mistake of identity. (Def. Opp'n 8.)

In Krupski v. Costa Crociere, S.p.A., 130 S. Ct. 2485 (2010), the Supreme Court addressed the third element of the relation back doctrine under Rule 15(c). The Court held that "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her

original complaint." Id. at 2493 (emphasis in original); see also id. at 2490 ("[R]elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."). The Court explained:

> A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.

Id. at 2494. The Court also noted that a plaintiff's post-filing conduct, such as a delay in moving to amend the complaint, "is relevant only to the extent it may have informed [the defendant's] understanding during the Rule 4(m) period of whether she made a mistake originally." Id. at 2497.

Applying the Krupski framework, the Court finds that the prospective defendants, Brown, Lynch and Smalls, did not and should not have known during the Rule 4(m) service period—which expired on or about November 7, 2011—that they would have been named in Plaintiff's complaint but for a mistake concerning their identities.[5] Nothing on the face of the original

---

[5] Defendants ask the Court to apply the framework established by the Second Circuit in Barrow v. Wethersfield Police Department, 66 F.3d 466 (2d Cir. 1995). In Barrow, the Second Circuit held that "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." Id. at 470. The Supreme Court's decision in Krupski has "engendered a split in the district courts as to whether Barrow remains good law." Askins v. City of N.Y., No. 09 Civ. 10315 (NRB), 2011 WL 1334838, at *1 n.3 (S.D.N.Y. Mar. 25, 2011); see also Curry v. Campbell, No. 06-CV-2841 (DRH)(ETB), 2012 WL 1004894, at *6 n.3 (E.D.N.Y. Mar. 23, 2012) (collecting cases). While Barrow held that "the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake," Barrow, 66 F.3d at 470, Krupski distinguished between "a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties"—which "is the antithesis of making a mistake"—and a situation in which "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue." 130 S. Ct. at 2494. This Court need not decide whether Barrow remains good law after Krupski because the outcome in this case remains the same under either standard. Under Barrow, Hart's lack of knowledge of the prospective defendants' roles in his arrest would not constitute a "mistake." See 66 F.3d at 470. And, as discussed infra, Hart has not shown that the prospective defendants knew or should have known that they should have been named in the lawsuit but for a mistake concerning their identities. See Krupski, 130 S. Ct. at 2493.

complaint suggests that Plaintiff made a mistake in naming defendants or puts the prospective defendants on notice that they should have been named in the complaint. See, e.g., Krupski, 130 S. Ct. at 2497 ("the face of the complaint plainly indicated . . . a misunderstanding . . ."); Curry v. Campbell, No. 06-CV-2841 (DRH)(ETB), 2012 WL 1004894, at *6 (E.D.N.Y. Mar. 23, 2012) (same); Bishop v. Best Buy Co., No. 08 Civ. 8427(LBS), 2010 WL 4159566, at *3 (S.D.N.Y. Oct. 13, 2010) (same).

Plaintiff's complaint only seeks to hold responsible for his arrest the individuals who were previously aware of the conflict between Plaintiff and Johnson—Defendants Nikas and Gonzalez. Plaintiff alleges that Defendant Nikas was aware of the longstanding dispute between Plaintiff and Johnson (Compl. ¶ 9), both Defendants had previously responded to similar calls from Johnson, "all of which were unfounded" (id. ¶ 10), and because of this history, they "knew or should have known that the information being provided was not reasonably trustworthy in establishing that an offense had been or was being committed," (id. ¶ 12).

Plaintiff does not dispute that he knew that other officers were involved in the incident prior to filing his complaint. (Hart Aff. ¶ 3.) In spite of this knowledge, there are no allegations in the complaint suggesting that he is seeking to hold such officers responsible. Indeed, there are no allegations regarding the NYPD's review of Johnson's complaint, the determination that the complained-of conduct constituted aggravated harassment or a supervisor's decision to authorize Plaintiff's arrest. Tellingly, unlike the prospective defendants, Defendant Nikas is not listed on the complaint report or the case inquiry report, further demonstrating that Plaintiff intended only to assert claims against the officers who had knowledge of his prior disputes with Johnson, and not all officers involved in the incident. As such, based on a review of the complaint, the Court finds that the prospective defendants did not know and should not have known that the action

7

would have been brought against them but for a mistake concerning their identities. See Curry, 2012 WL 1004894, at *6 (finding that prospective defendant did not know and should not have known that he should have been named in the original complaint because such a mistake "was not evident from the face of the complaint")[6]; see also Bishop, 2010 WL 4159566, at *3 (finding that prospective defendants should have known that they would have been named in the complaint but for plaintiff's mistake, because the original complaint identified positions held by them as well as the first name of at least one prospective defendant); Abdell v. City of N.Y., 759 F. Supp. 2d 450, 457-58 (S.D.N.Y. 2010) (finding that prospective defendant who participated in an arrest decision should have known that he would have been named in the complaint but for plaintiff's mistake because a higher ranking officer who also participated in the arrest decision was named as a defendant, the allegations focused on his participation in the arrest and not his rank, and prospective defendant was made aware of the action within the limitations period).

Moreover, Plaintiff did not engage in any post-filing conduct that could have informed the prospective defendants that he made a mistake in failing to name them in his original complaint. See Krupski, 130 S. Ct. at 2496-97 ("To the extent the plaintiff's post-filing conduct informs the prospective defendant's understanding of whether the plaintiff initially made a 'mistake concerning the proper party's identity,' a court may consider the conduct."). Prior to filing, Plaintiff was in possession of the criminal case file which included the names of Brown, Lynch and Smalls as officers involved in Plaintiff's arrest. (Hart Aff. ¶ 2.) In spite of Plaintiff's contention that he did not understand the prospective defendants' respective roles in his arrest at the time of filing, a review of the documents indicates that Plaintiff had enough information

---

[6] Similar to the Court's review of the instant complaint, in reaching its conclusion in Curry, the court observed that the § 1983 complaint alleging excessive force by police officers "specifically asserted that three—and only three—individuals were involved in the incident, . . . did not name any 'John Doe' defendants, and . . . generally gave no impression that other unidentified individuals were involved in the incident." Curry, 2012 WL 1004894, at *6.

during the Rule 4(m) period to know that they, along with Defendants Nikas and Gonzalez, were involved in the conduct at issue in this action. "A reasonable conclusion would be that [Plaintiff] deliberately chose" not to name the prospective defendants as defendants in this action, even though they were involved in his arrest. See Curry, 2012 WL 1004894, at *7 (concluding that plaintiff made a deliberate choice rather than a mistake to exclude prospective defendant because complaint named three defendants and did not suggest that any other officers played a role in the alleged assault, even though plaintiff was in possession of transcripts that revealed prospective defendant's presence at the scene); see also Urena v. Wolfson, M.D., No. 09 CV 1107 (KAM)(LB), 2011 WL 7439005, at *4 (E.D.N.Y. Aug. 24, 2011) (denying leave to amend where the original and amended complaints made no reference to the individuals to be joined as defendants and where "[p]laintiff simply chose to wait until now to add these individuals as defendants"). Thus, the Court finds that Plaintiff's proposed amendment does not relate back to the date of his original complaint and is therefore time-barred.

**B. Equitable Tolling of the Statute of Limitations**

Alternatively, Plaintiff asks that the Court grant leave to amend his complaint "in the interest of justice" because his mistake in identifying the proper defendants was "due to information provided by [D]efendants." (Pl.'s Mem. 4.) Defendants interpret Plaintiff's argument as a request to equitably toll the statute of limitations and argue that he cannot demonstrate that Defendants obstructed his efforts to identify these individuals, a necessary element of equitable tolling. (Defs.' Opp'n 8.) The Court agrees.

The doctrine of equitable tolling applies in those "rare and exceptional" cases where "extraordinary circumstances prevented a party from timely performing a required act, and that party acted with reasonable diligence throughout the period he sought to toll." Walker v.

Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotations omitted). In the instant action, Defendants' conduct did not prevent Plaintiff from adding the prospective defendants. Plaintiff had access to his criminal case file before filing his complaint and Defendants produced this file in the course of discovery. Plaintiff's argument that Defendants' response to his interrogatory requesting information for the "individual who made the decision to arrest" him was misleading is unavailing. (Greenberg Affirmation Ex. 6 at 6.) Although perhaps too narrow a response, the interrogatory was arguably ambiguous and there is nothing in the record to suggest that Defendants' response was an intentional effort to obstruct Plaintiff's investigation. Accordingly, the Court finds that equitable tolling does not apply here.

### C.  Motion for Leave to Amend Complaint to Add Monell Claim

Plaintiff also seeks leave to amend his complaint to add a Monell claim against Defendant City of New York.[7] (Pl.'s Mem. 5.) Plaintiff alleges "that the City of New York, through its police department, has in place a procedure that permits complaint reports to be taken, conduct to be characterized, and charges to be decided upon by civilians" and that this procedure is unconstitutional. (Id.) Defendants respond that the addition of a Monell claim would result in undue delay and prejudice to Defendants. (Defs.' Opp'n 10-11.) All parties agree that if the Court grants leave to amend, bifurcation of discovery on the Monell claim is appropriate. (Defs.' Opp'n 11-12; Pl.'s Reply ¶ 9.)

In determining what constitutes prejudice, courts "generally consider whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the

---

[7] "The City of New York may only be found liable under section 1983 when the alleged unlawful action was implemented or executed pursuant to a government policy or custom." See Rodriguez v. City of N.Y., No. 10 Civ. 1849(PKC), 2011 WL 4344057, at *4 (S.D.N.Y. Sept. 7, 2011) (citing Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658, 690-91 (1978)).

resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000). Defendants assert that the Monell claim will delay this litigation and require them to expend significant resources to conduct Monell discovery. However, because all parties agree to bifurcate discovery related to the Monell claim until there is a judgment on the merits as to the claims against the individuals, Defendants concerns are allayed. See Amato v. City of Saratoga Springs, N.Y., 170 F.3d 311, 321 (2d Cir. 1999) ("Section 1983 actions are particularly well suited for bifurcation because the evidence needed to show a 'policy or custom' on behalf of the municipal entity is often unnecessary in the suit against the individual officer."); Tabor v. New York City, No. 11 CV 0195 FB, 2012 WL 603561, at *10 (E.D.N.Y. Feb. 23, 2012) (finding that bifurcation is appropriate when "the resolution of a single issue may resolve the case and render trial on the other issue unnecessary" and thus bifurcating discovery on false arrest and malicious prosecution claims from Monell claim). The Court therefore grants Plaintiff's request for leave to amend his complaint to assert a Monell claim against Defendant City of New York and bifurcates discovery on the Monell claim.

### III. Conclusion

For the foregoing reasons, it is hereby:

ORDERED that Plaintiff's motion is denied as to his request for leave to amend his complaint to add the prospective defendants, and granted as to his request for leave to amend his complaint to add a Monell claim.

IT IS FURTHER ORDERED that discovery related to Plaintiff's Monell claim against Defendant City of New York is stayed until a motion for summary judgment as to the claims against Defendants Nikas and Gonzalez is decided.

The Clerk of Court is directed to close docket number 21.

SO ORDERED.

Dated:     November 20, 2012
             New York, New York

Ronnie Abrams
United States District Judge